UNITED STATES of America,
Plaintiff–Appellee,

v.

Christian Luis MORALES–MORALES,
Defendant–Appellant.

No. 06–50348.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 6, 2008.

Filed June 6, 2008.

David P. Curnow, Kyle W. Hoffman, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Victor M. Torres, for Defendant–Appellant.

Before: FISHER and PAEZ, Circuit Judges, and ROBART, District Judge.*

## MEMORANDUM **

Christian Luis Morales–Morales appeals the district court's refusal to instruct the jury on the official restraint doctrine, its denial of his motion for acquittal, and its imposition of a 103–month term of imprisonment following his conviction for illegal reentry in violation of 8 U.S.C. § 1326.

The district court properly declined to give an "official restraint" jury instruction because the evidence did not support such a theory. *United States v. Vela–Robles,* 397 F.3d 786, 789 (9th Cir.2005). Although Morales was observed crossing the border for about 10 seconds, and the government was later alerted to his potential destination after he triggered a sensor approximately 500 yards north of the border, there is no dispute that Morales's precise location in the United States was unknown for at least 15 minutes. *See id.* at 789 ("Detection by a seismic sensor does not amount to observation or surveillance for the purpose of showing official restraint."). Morales "was not under constant observation by governmental authorities from the moment he set foot in this country until the moment of his arrest." *United States v. Ramos–Godinez,* 273 F.3d 820, 825 (9th Cir.2001) (citation and internal quotation marks omitted).

---

* The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Likewise, the denial of Morales's motion for acquittal was appropriate because a rational trier of fact could have found beyond a reasonable doubt that Morales had entered the United States free of official restraint. *See United States v. Bello–Bahena,* 411 F.3d 1083, 1087 (9th Cir. 2005).

Morales also contends that his 103–month sentence should be vacated because the district court presumed the Guidelines range was reasonable without taking into account his family history and ties to the United States and it is greater than necessary to accomplish the goals of sentencing. These contentions are belied by the record. We conclude that there was no procedural error and that Morales's sentence is substantively reasonable. *See United States v. Carty,* 520 F.3d 984, 992–93 (9th Cir.2008) (en banc).

**AFFIRMED.**